## McKean County Jury Commissioners' Appeal

*A. A. Griffin*, for appellant.

*F. D. Gallup*, county solicitor, for appellee.

LEWIS, P. J., fifty-fifth judicial district, specially presiding, August 3, 1935. — The jury commissioners of McKean County recommended to the salary board that the compensation of the jury commissioners' clerk be fixed at $6 for each day employed, and sat as members of the salary board with the county commissioners and county treasurer to pass upon the recommendation. On January 20, 1934, a majority of the salary board, so composed, refused to accept the recommendation and set the compensation at $3 per day. From such action on the part of the salary board, the jury commissioners appeal. Objection is now made to the jurisdiction of the salary board to fix the salary of the jury commissioners' clerk and to the jurisdiction of this court to entertain the appeal.

The amendment to The General County Law of May 2, 1929, P. L. 1278, approved May 23, 1933, P. L. 953, 16 PS §295, authorized the jury commissioners to appoint a clerk and fix his compensation, with the consent and approval of the salary board, and provided that such com-

pensation should not exceed the amount received by a jury commissioner for the same period of time.

The amendment to The General County Law approved June 9, 1931, P. L. 401, 16 PS §301, provided:

"The salaries and compensation of all appointed officers, clerks, stenographers, and employes, who are paid from the county treasury, shall be as fixed by this act, or as may be fixed by the salary board created by law for such purposes."

The Act of May 4, 1933, P. L. 276, 16 PS §2422, fixes the compensation of jury commissioners in counties of the sixth class at $6 per day not exceeding 65 days in any year, together with mileage. McKean County is of the sixth class.

The amendment to the Sixth Class Salary Act of June 29, 1923, P. L. 944, approved May 3, 1933, P. L. 250, 16 PS §2435, provides: That whenever the salary of a clerk in any county office is being considered by the salary board, the county officer occupying such county office shall be a member of the salary board and entitled to vote. The amendment further provides for appeal to the court of common pleas of the county, "which court shall, after hearing, make an order fixing the salaries of such appointees."

Thus we find the apparent legislative intent to set up a uniform system for fixing clerical salaries in all county offices in counties of the sixth class. If we adopt any other conclusion, we have a jury commissioners' clerk, who has served without having the compensation fixed. The jury commissioners have not fixed it "with the consent and approval of the salary board." Another possible alternative is that the salary board has in effect said to the jury commissioners no compensation above $3 per day for the jury commissioners' clerk will have the consent and approval of the salary board. If the Act of May 3, 1933, P. L. 250, does not apply, then there is no appeal from such action of the salary board. Being convinced that the legislative intent is the uniform system above referred to,

further consideration of possible alternatives is not necessary.

It appears of record that the county commissioners are able to employ at $3 per day clerks to perform services similar, but not the same as those performed by the jury commissioners' clerk. Having regard to the peculiar and important functions performed by the jury commissioners and their clerk, we are convinced that the compensation should be somewhat higher.

### Decree

And now, August 3, 1935, it is ordered, adjudged and decreed that the salary of the jury commissioners' clerk be and is hereby fixed at the sum of $4 for each and every day employed not exceeding 65 days in each year.